IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

———————————————————— x
:
RBIDR, LLC,                            :
:
Plaintiff,       :   Civil Action No. _____
:
v.                            :
:   JURY TRIAL DEMANDED
AIRBNB, INC.,                          :
:
Defendant.       :
:
———————————————————— x

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff RBIDR, LLC ("RBIDR"), by way of this Complaint against Defendant Airbnb, Inc. ("Airbnb"), hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

**PARTIES**

1.  RBIDR is a Delaware corporation with its principal place of business at 1375 Broadway, Suite 600, New York, New York 10018.

2.  Airbnb is a Delaware corporation with its corporate headquarters at 1902 California Avenue, Unit 2, Santa Monica, California 90403.  Airbnb may be served with process via its registered agent Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, Delaware 19901.

3.  On information and belief, Airbnb facilitates lodging for travelers through at least its webportal airbnb.com and mobile application in the United States.

## JURISDICTION AND VENUE

4.  This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

5.  This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Defendant because it is incorporated under the laws of the State of Delaware.  Further, Defendant has designated an agent for service of process in the State of Delaware, has committed acts of patent infringement in this state and judicial district, and regularly does business, solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this state and judicial district.

7.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

*RBIDR and Its Patent*

8.  RBIDR was founded in 2007 in New York City by executive and entrepreneur David Steigelfest, who has held positions as Vice President of eCommerce and Director of Product Management at leading global multimedia and technology corporations.  RBIDR makes software as a service ("SaaS") products for media and other industries.  RBIDR facilitates and provides an eCommerce technology with yield management capability for peer-to-peer ("P2P") transactions involving time-based inventory.

9.  Time-based inventory consists of a future start time, end time, and a moment of expiry. With all time-based inventory, a defined time segment represents an asset that can be conveyed from seller to buyer.

10. Some examples of assets include billboards, tennis courts, radio broadcasts, online display advertising, and real estate. Buyers may seek to gain access to these items for periods of time for various purposes, for example, advertising, court time, and rentals. RBIDR's technology allows sellers via a graphical user interface to offer access to assets for certain periods of time defined by the sellers.

11. RBIDR has used its technology to build custom eCommerce platforms for time-based inventory. For example, from July 2011 to March 2012, RBIDR operated its developed platform Spasmatron, an ad-driven digital display network. Spasmatron, among other things, provided an online graphical user interface that allows sellers of advertising space, such as electronic billboards, to define total advertising time to be sold, define sales time intervals such as 5-minute increments, divide total time as a function of sales time, and sell the time intervals to advertisers.

12. This innovation resulted in the issuance of United States Patent No. 8,165,917 B2 (the "'917 Patent") on April 24, 2012 by the United States Patent and Trademark Office. The '917 Patent is entitled SYSTEM AND METHOD FOR SELLING TIME-BASED INVENTORY. A copy of the '917 Patent is attached as Exhibit 1.

13. The '917 Patent was filed on February 23, 2007, and published on November 15, 2007.

14. RBIDR is the assignee of the '917 Patent.

15. The '917 Patent describes a system and method for selling time-based inventory over a communications network that includes permitting a seller via a graphical user interface to define a total time to be sold, define a sales time interval, divide total time as a function of sales

time interval amounts so as to define a plurality of time intervals of the total time, and sell the time intervals via the communications network.

*Defendant's Infringing Service and System*

16. In 2008, Airbnb launched its online travel rental website. Defendant's website allows travelers to rent accommodations in private residences in the United States and worldwide. Defendant provides guidance on rates, processes payments, and receives a transaction fee for bookings. On information and belief, Defendant receives commissions from both the traveler (or buyer) and the property host (or seller).

17. Defendant's website uses a graphical user interface that guides potential property hosts through the process of entering information and details about the property. Upon information and belief, the graphical user interface allows the property host, or seller, to select on a calendar the days the property is available to rent, thereby defining a total time to be sold; this amount of time might be a single date or several months between selected dates. The graphical user interface then allows the property host, or seller, to set pricing for various sales time intervals, namely, nightly and optionally weekly and/or monthly stays.

18. Upon information and belief, Airbnb's website determines total reservation rates on a per-day basis. For example, a desired reservation of 7 to 27 days would be calculated by multiplying the number of days desired by the weekly rate, divided by the number of days—seven—in a week, and a desired reservation of 28 or greater days would be calculated by multiplying the number of days desired by the monthly rate, divided by the number of days—28, 29, 30, or 31—in the month. That is, each day available for rent is defined as 1/1, or 1, day; 1/7 of a week; and 1/28, 1/29, 1/30, or 1/31 of a month. Thus, a plurality of time intervals of the total time is defined.

19. Upon information and belief, Defendant allows travelers, or buyers, to make reservations by selecting the desired days of a desired property through its website and mobile application. Thus, Defendant offers to sell a plurality of time intervals via the communications network.

## CLAIMS FOR RELIEF

### Infringement of the '917 Patent

20. RBIDR repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

21. Upon information and belief, Defendant has been and still is directly infringing the '917 Patent, literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States products or processes that practice the inventions claimed in one or more claims, including at least claim 1, of the '917 Patent.

22. As a direct and proximate result of Defendant's acts of infringement, RBIDR has been, is being, and will be damaged. Consequently, RBIDR is entitled to compensation for its damages from Defendants under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

23. On information and belief, Airbnb intends to continue its unlawful infringing activity, and RBIDR continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activities unless this Court enjoins Airbnb from further infringing activities.

## DEMAND FOR JURY TRIAL

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RBIDR requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, RBIDR respectfully asks the Court for the following relief:

(i) A judgment declaring that Defendant has infringed the '917 Patent as alleged herein;

(ii) A judgment and order awarding RBIDR damages under 35 U.S.C. § 284;

(iii) A judgment and order immediately, preliminarily, and permanently enjoining Defendant from further infringement of the '917 Patent;

(iv) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(v) A judgment and order awarding RBIDR pre-judgment and post-judgment interest on the damages awarded; and

(vi) Such other and further relief as the Court deems just and equitable.

Dated: June 16, 2014

OF COUNSEL:

Karen H. Bromberg
Francisco A. Villegas
Damir Cefo
**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
(212) 957-7600

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com
(302) 655-5000

*Attorneys for RBIDR, LLC*